Good morning. Bill Dritzis and Angel Gomez. The appellants have agreed that Mr. Dritzis will argue on behalf of all appellants. Thank you. I'd like to reserve two minutes, Your Honor. Your Honor, this case is an important case involving Catholic jurisdiction. We believe the statute itself, on its face, provides that the court has jurisdiction. Once an action is filed as a Rule 23 or comparable state court action and it meets other criteria, which are not in dispute here about the number of people, the amount of controversy, and there's nothing in the statute that provides any requirement that a case be certified to retain jurisdiction. We believe the lower court was in error when it found that it was no longer with jurisdiction once it found that the matter was not certifiable. We believe that allowing courts to deprive the defendants of jurisdiction once they find a matter is not certifiable would violate the policy the Congress sought to attach in creating Catholic. I wonder why that is so, because if a case does not become a class action, the federal interest seems quite limited. There's basically a state claim with one or two plaintiffs. It really has lost the character of the thing that concerned Congress, which is class actions, not putative class actions. And I wonder whether the absence of the word putative anywhere has any effect. And I wonder whether the section saying D8 that says that the section applies to any class action before or after entry of a class certification order, does that not suggest that Congress had in mind actual class actions? Okay. Several points here, Your Honor. Number one, the fact that a federal court finds a matter is not certifiable doesn't mean that it's assured that a state court won't find to the contrary. And in fact, as Judge Posner pointed out in the Cunningham case, One of the policies of the statute is to make sure that a state court doesn't make a ruling later on which is contrary to the federal court, because that would thwart the policy of Congress, which is to have class issues decided in a federal court. Now, as to section D8, again, we believe Judge Posner had it correct when he said, All that means is that you can remove a class action before certification or after certification. But notably, that section is several passages down from the jurisdiction section. The jurisdiction section in no way mentions anything about certification. And so I believe that under the federal system, there still is an interest in preserving a case which is filed as a class action, even if the court finds it's not a certifiable issue, to prevent a state court from either applying different rules or inconsistent policies, rather than a federal body of law that Congress sought to establish. I take it your case rests on the concept, in part, that it was not frivolous. That's true, Your Honor. I don't think the class was not frivolous. Is that right? That's correct. If it were frivolous, that would be a standard way to say, I'm sorry, there's no federal jurisdiction because the thing was frivolous to start with. Yes, I would agree with that. I don't think anyone here claims that this case was frivolous as filed. We obviously believe it was not a certifiable issue, but we don't believe that this was a made-up class. We believe also the St. Paul line of authority has application here that you look at jurisdiction at the time of removal and that post-removal actions do not deprive a court of jurisdiction. In St. Paul, it was the amount of controversy, but there's nothing that would limit that same rationale to apply to whether you're looking at the number of people involved, whether you're looking at whether a class is certified or not. The point is, for judicial economy, once you start an action, you should stay in the court that you bring the action in. And this case, I know there's a variety of cases. There's a case called Colomar, which really is a case similar to ours, a district court case, where we had summary judgment motions that were pending. We had gone through all the discovery, and then the plaintiff sought to move the case to state court. There is no judicial economy there. That's form-shopping, in our view, and that is something that's disfavored under the cases. We think that the St. Paul policy, as well as the policy of not allowing form-shopping for judicial economy, all support keeping this matter in federal court and not depriving a court of jurisdiction because of certification order. We think there are only two circuits that have addressed this, the 11th Circuit in Vega and the 7th Circuit in Cunningham. Both have ruled the way that we're arguing, which is that a non-certification or denial of certification does not deprive the court of jurisdiction. What has the 2nd Circuit done in Hotels.com? I'm not familiar with that, Your Honor. I've not seen that issue at least addressed. I know the 1st Circuit sort of alludes to a disagreement or takes a different approach, at least hints at it. I'm not familiar with the case, Your Honor. I'm sorry. The 1st Circuit had some intimation that it would look the other way, but it recently clarified... Which one did? The 1st Circuit, that recently clarified in their case, the college dentist case, that it's an open issue and has not been decided by the 1st Circuit yet. So from our research at least, the two circuits that have addressed it have found that there's no... that it's proper to keep the case in federal court once you have original jurisdiction. And we believe... I think when I looked at all the cases, and there's clearly a split, there's a dozen cases going one way and a dozen cases going the other. When I looked at the cases that find that the case should be remanded, they harken back to the McGehee case in the Southern District of New York, and there's no analysis there as to why that case should have been remanded. And it appears that the earlier cases looked at, not the specific language of the statute which defines jurisdiction, but looked at a class action as, if it's no longer a class action in the sense of a certified class, that therefore CAFA must not apply. But if you look... The 1st Circuit cases, those are district court cases, right? Those are district court cases, correct. I mean, we believe that it is plain on the face of the statute that you have jurisdiction, and there's nothing on the statute... The McGehee case says, or observes, that Congress was very precise when it was making this statute, and we would suggest that Congress was precise in not saying that certification was a requirement to retain jurisdiction. It would have been very easy for the Congress to say, you stay in federal court until the certification issue, and then you're remanded. But they didn't say that. We think the legislative history that we cited also supports the argument that... What's the use of legislative history? If the Senate report appears to come out after Congress voted, that's helpful to tell us what the voting congressmen thought. And the other legislative history is on a prior bill that didn't get passed. Why in the world should that... If you can't pull the fat out of the fire before you get to that stuff, how is that going to particularly help? We think we can pull the fat out of the fire, Your Honor. So my time is up, so thank you. Good morning, Your Honors. My name is Robert Cantori, and I'm here for the appellee plaintiffs. I think our brief adequately takes the position that the court has no real... Federal courts have no real interest. But I'd like to argue today a middle position. First of all, the Seventh Circuit, I think, did a very good job. Judge Posner looked at the statute and made one major mistake, only one major mistake. And that was when he was looking at the before or after. The subsection 8? Subsection 8, Your Honor. He concluded that probably all this means is that a defendant can wait until a class is certified before deciding whether to remove the case to federal court. Only problem with that conclusion, Your Honor, is it ignores 1446B, which specifically says that the notice of removal of a civil action or proceeding shall be filed within 30 days. And it goes on to say either a service of the original complaint or an amended complaint. So it has to mean something else, and what the something else is, we suggest, is before or after class certification order has actually been granted. Now, it is possible, Your Honor, that you could keep a case in federal court after class certification is denied. That would be a case where the court looks at the case and says, while I'm denying this motion, it is possible that a, let's say, a smaller class could be certified. And as long as that smaller class still contains 100 members and the aggregate claims are in excess of $5 million, there still would be a federal interest. But the district court, through this court, would have to be instructed that that is what you have to look at before actually remanding the case. Here, the district court found that there was no reasonable possibility that a class could be certified. We respectfully disagree. In fact, in state court, as counsel has pointed out in their brief, we are now making motion to amend the complaint so that instead of a statewide class covering three refineries with two different employers, three different series of collective bargaining agreements, we'd have one refinery with one series of collective bargaining agreements. And that class might be certified. Why can't you do that in federal court? We probably could have, Your Honor. And maybe we should have. But we didn't. And the case now stands that we didn't. Maybe the court should have been instructed, and again, this is all new law, Your Honor. The Eleventh Circuit's case is hardly a reasoned opinion in a footnote. So the only reasoned opinion we actually have is the Seventh Circuit's case. And Judge Posner, like I said, made one mistake. I'm having a hard time figuring out what the prejudice to you is in staying in federal court. Well, Your Honor, let's be blunt. CAFA is a form-shopping statute. It gets it out of the state court, into the federal court at the defendant's whim. I think a state court on purely state claims involving purely state plaintiffs with state, with argue, okay, they are citizens of Texas, Your Honor, but they have major presence here in California. I don't think you can argue that they're going to be hometown by a local judge. So I don't think the federal interest is really here in this case. And I, frankly, Your Honor, I once said to a federal judge, I'd rather have, I removed this case, Your Honor, because I'd rather have a federal judge deciding federal questions of law. I'd rather have a state court judge deciding state court issues of law, Your Honor, and having it go up to the appeals of the state court. Isn't that contrary to what Congress seems to have intended in cases of this type? It is not, well, I don't necessarily agree with everything that Congress does, Your Honor. Well, neither do I, but they make the rules. I understand that, Your Honor. But the federal interest, as Judge Graber pointed out, is in class actions. Right now, the state of this case is that we've got two individual plaintiffs and a union that probably no longer has standing, because the only standing the union had was to seek injunctive relief on behalf of its members. And since there is no more class action, the union probably no longer has standing. So the union, absent an amendment to the complaint, we have really two individual plaintiffs, Your Honor, which is why I think that there is no federal interest in two state law wage and hour claims, which in aggregate, if we're lucky, Your Honor, they amount to $30,000, $40,000 each. Under the diversity rules, those sums cannot be aggregated. They get above the $75,000, and so there is no longer a federal interest, Your Honor. And if you do amend to create a- Well, isn't it nice that the- Wait a moment. I'm sorry. If you do decide in state court now to amend to create the class action, as you indicated might happen, then what? Your Honor, 1446B allows removal after an amended pleading. We would not oppose that removal. Right. So, in other words, it can bounce back and forth. Not if before remanding, Your Honor. And here's where, again, this is a new statute, and the district court, I didn't instruct it, defendants didn't instruct it, but this court can instruct it that maybe the district court should have looked at whether or not any class could have been confirmed. Well, in Judge Fernandez's hypothetical, it might or might not be removable depending on the amount of controversy, the citizenship of- That is correct, Your Honor. So it might or might not be removable again, but the bouncing back and forth is troubling. As is trying two state law claims in federal court where plaintiffs generally have the right to pick their own forum. And in our brief, we point out the whole federal history about narrowing- It's not troubling at the same level. It's troubling in your mind, the latter problem. The earlier problem is troubling elsewhere also. I'm not following, Your Honor. Well, you're saying, well, it's also troubling to have two plaintiffs trying their case in federal court. Poor guys, they should be in state court being able to fight it out there. But the question is, if this case is bouncing back and forth, there's a lot more than that kind of trouble involved. It's not just the parties that are involved in these kinds of considerations. Anything else? Yes, Your Honor, and which is why I suggest a rule which would require the district court to go beyond just the class motion that is in front of it and determine whether any class could be certified. For example, if you're looking at a national class, the court says, no, that can't be certified. But a state class might be able to be certified. Then you have to look and see whether it may require additional briefing, additional evidence. But a rule can be developed which would serve both interests, the interest of narrowly protecting a narrow jurisdiction of the federal courts and still the policy of trying class actions that meet the jurisdictional thresholds in federal court. So a district court says, like this one, there's no possibility of a class being certified, goes back to state court. Aha, there is a possibility. The CAFA is appealable, and this Court can hold that the district court was wrong. And, in fact, I would not object to this Court saying that. That's nice. Suppose we do. Suppose we say, no, district court wasn't wrong. And it goes back to state court. And they say, we told you in California many times in our courts of appeal that federal people are nuts. And, indeed, we can certify a class. We don't care what those people say. Well, Your Honor. We do that all the time with constitutional questions, right? Only when they arise under the state constitution, Your Honor. No, no, no. You're wrong about that. I don't do much. We can make determinations, and in the state court they can say, those guys are nuts. We're making a different determination. I don't do much constitutional law. I'm a labor lawyer, Your Honor. Counsel, I have another question, though, about the structure of the statute, which I find a little bit baffling. If we're limited now to a single location, if you're proposing to limit this class, or even before you propose to limit the class, why isn't this a single-state action that would fall within subsection 4? Because no defendant, Your Honor, is a resident, is a citizen, I'm sorry, of the state of Texas.  Of California. Of the state of California. Okay. In spite of the doing this. Large presence. They have a very large presence in California, but not enough to make them citizens of California. They're still citizens of Texas. We have no dispute with that. Mr. Contreras, your time is up. Thank you very much. Thank you, Your Honor. You've got about a minute and change left. Thank you, Your Honor. Just a couple points. Number one, what's been referred to as the ping-pong effect is we're living that right here. The counsel just acknowledged and we put in our briefs. This case would have been resolved if it stayed with Judge Clausen. We have summary judgment motions pending. Instead, now we have two actions in the Northern District of California. We have a state court action in Los Angeles County. And there is a very likely prospect, knowing the number of people involved and the amount of contributions, in this case, if that motion is heard in Los Angeles, that we will remove that again. And then we'll just have to go back to Judge Clausen again. And all this could be avoided and judicial economy would be served if we were to have stayed in one court. The fact that plaintiff's counsel is saying that you should impose an order upon or a direction to the district court saying that you should look to smaller subclasses, well, he could have said that when he was in Judge Clausen's court, when we had a cert motion. He could have looked for a smaller class. There's no obligation for you to direct the court to look for smaller classes. Thank you, Your Honor. Thank you, gentlemen. The case just argued is submitted.
judges: Fernandez, Silverman, Graber